# N THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Michael Donnell Pruitt, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Paul Belisle, et. al., | ) | |
| | ) | Case No. 1:13-cv-112 |
| Defendants. | ) | |

The plaintiff, Michael Dowell Pruitt ("Pruitt"), is an inmate at the North Dakota State Penitentiary ("NDSP"). He initiated the above-entitled action in September 2013 with the submission of an application to proceed *in forma pauperis* along with a complaint alleging that he had been denied access to legal, educational, and religious materials while being held in administrative segregation.

The court granted Pruitt's application to proceed *in forma pauperis*. See Docket No. 6. In so doing it advised Pruitt: (1) he was still obligated to obligated to make monthly payments in the amount as determined by 28 U.S.C. § 1915(b)(2) until his filing fee is paid in full; and (2) the full fee would be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. Id.

Based upon its subsequent review of Pruitt's complaint as mandated by 28 U.S.C. § 1915A, the court issued an order permitting Pruitt to proceed with his claim regarding the free exercise of his religion (read: Satanism) but dismissed his claims regarding access to legal and education materials and for money damages. See Docket No. 9. It further directed the Clerk's office to

1

effectuate service of the summons and complaint on the defendants in accordance with Fed. R. Civ. P. 4. The record reflects that the Clerk's office sent a request for waiver of service to the defendants on October 30, 2013.

On November 6, 2013, Pruit filed the what the court construes a motion for reconsideration of its order granting his application to proceed *in forma pauperis* to the extent that it required him to pay the filing fee in installments. Therein he states:

> To Who it May Concern:
> I would like to appeal the court order to pay a statutory filing fee. I am indigent and have been since I've been incarcerated.
> Please do not process anything. If so I would like to drop the case all together. Case No. 1:13-cv-112. Michael Donnell Pruitt vs. Paul Belisle, et. al.,
> Thanks for time concerning these matters.

(Docket No. 11).

The Prison Litigation Act ("PLRA") requires prisoners bringing a civil action to pay the full amount of their filing fees. See 28 U.S.C. § 1915(b)(1). For prisoners who cannot pay the entire filing fee up front, the PLRA requires that they pay the filing fee in installments. See 28 U.S.C. § 1915(b)(2). The import of this is that the court cannot simply waive Pruitt's filing fee.

Pruitt has advised that he does not wants to proceed with this action should he be required to pay the filing fee. Thus, it would appear that the PLRA has had its intended effect, albeit later than one would expect. See e.g. Leonard v. Lacy, 88 F.3d 181, 185 (2d Cir.1996) ("[T]here is abundant legislative history to indicate that Congress was endeavoring to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees."); Abdul-Akbar v. McKelvie, 239 F.3d 307, 331 (3d Cir. 2001) ("Congress enacted the PLRA in order to limit the filing of frivolous and vexatious prisoner lawsuits."); Jackson v. Stinnett, 102 F.3d 132, 136-37 (5th Cir.1996) ("The fee provisions of the

PLRA were designed to deter frivolous prisoner litigation in the courts by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." (internal quotations omitted); Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997) ("The legislation was aimed at the skyrocketing numbers of claims filed by prisoners-many of which are meritless-and the corresponding burden those filings have placed on the federal courts. Thus, Congress sought to put in place economic incentives that would prompt prisoners to 'stop and think' before filing a complaint.").

Given the present posture of this case, the court is reluctantly inclined in this particular instance to allow Pruitt to withdraw this action without any financial penalty. First, when granting Pruitt's application to proceed *in forma pauperis*, the court did not collect an initial filing fee. Thus, no money has been collected from Pruitt that would have to be returned. Second, defendants have yet to execute and return the waiver of service sent to them by the Clerk's office. Thus, they have yet to be formally served and arguably have yet to expend any appreciable resources with respect to this matter.

Pruitt's motion (Docket No. 11) is **DENIED** insofar as it requests the court to waive the filing fee in its entirely. However, Pruitt's request to "drop the case" is **GRANTED**. The above entitled action is **DISMISSED WITHOUT PREJUDICE**. The court **VACATES** its order granting Pruitt's motion to proceed *in forma pauperis* and with it the requirement that the Pruitt pay the filing fee in installments from his inmate spending account.

**IT IS SO ORDERED.**

Dated this 19th day of November, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court